UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORAH SULLIVAN, on behalf of S.M.S., a minor child,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.  05-0138-RSL-JPD<br><br>REPORT AND RECOMMENDATION |

Ms. Norah Sullivan, on behalf of her son, plaintiff S.M.S., proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (the "Commissioner"). The Commissioner denied plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court recommends that the decision of the ALJ be reversed and remanded as directed.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a thirteen-year-old boy who suffers from a variety of physical and psychological difficulties. AR 18. He has hearing loss in his left ear due to microtia and atresia and experiences difficulties in school, both academically and socially. AR 19-21. The record indicates that he has a learning disorder and a conduct disorder, that he receives special

REPORT AND RECOMMENDATION
PAGE  - 1 -

education services, and that he suffers from low self-esteem. *Id.* More specifically, his diagnoses include a disorder of written expression, a reading disorder, aggressiveness toward peers, and a disregard of rules. AR 20.

Plaintiff filed for SSI on May 16, 2001, alleging disability since July 13, 1992. AR 106-15. Plaintiff alleges disability due to hearing loss and a learning disability. AR 106. The Commissioner denied his application, both initially and upon reconsideration. AR 85, 89. Plaintiff timely filed a request for a hearing. AR 93-96. The ALJ held a hearing on May 7, 2003, in Bellingham, Washington. Plaintiff and his mother appeared in person with counsel and testified. AR 30-82. On May 10, 2004, the ALJ issued a decision, finding among other things that, although plaintiff had difficulties in school and was receiving special education services, he did not qualify as disabled for purposes of SSI. AR 22, 26.

Plaintiff requested review of that decision on July 13, 2004. AR 12. On November 23, 2004, the Appeals Council denied plaintiff's request for review. AR 6. The ALJ's decision therefore serves as the Commissioner's final decision for purposes of judicial review. Plaintiff timely filed this civil action to challenge the ALJ's decision. Dkt. No. 1. Plaintiff seeks remand for a new hearing and decision based on all of the evidence in the record. Dkt. Nos. 15, 17.

## II. JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

The district court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (internal citations omitted). Substantial evidence is defined as more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion. *Smolen,* 80 F.3d at 1279. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (quoting *Smolen*, 80 F.3d at 1292).

If the court determines that the ALJ erred, the court has discretion to remand for further proceedings or to award benefits. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).

> Such a circumstance arises when: (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77.

## IV. EVALUATING YOUTH DISABILITY

Disability in an individual under eighteen years of age is defined as "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). As claimant, S.M.S. bears the burden of proving he is disabled within the meaning of the Social Security Act. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The social security regulations set forth a three-step process for evaluating youth disability for purposes of SSI. 20 C.F.R. § 416.924. At step one, an ALJ or examiner determines whether a child is engaged

in substantial gainful activity.[1]  *Id.*  If the child is not engaged in substantial gainful activity, the ALJ proceeds to step two in order to determine whether the child has a medically determinable severe impairment or combination thereof.  *Id.*  If a child has a severe impairment or combination of impairments that meets the duration requirement, the ALJ must determine at step three whether that impairment meets, medically equals, or functionally equals impairments listed in 20 C.F.R. § 404, Part B, Appendix 1, Subpart P.  *Id.*

At step three, if the impairment does not meet or medically equal a listed impairment, the ALJ must determine whether the impairment *functionally* equals a listing by considering the youth's ability to function in daily activities within the following six broad domains:  (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, and (6) health and physical well-being.  20 C.F.R. §§ 416.926a(a), (b)(1).  If a claimant exhibits "marked" limitation in two or more domains or an "extreme" limitation in one, his or her impairment is "listing-level severe" and thus functionally equals the listed impairments.  20 C.F.R. § 416.926a(d).

If a claimant survives all three steps and has an impairment that meets, medically equals, or functionally equals a listing for the required duration, he or she will be found disabled for purposes of SSI.  The Commissioner must then review a youth's eligibility at least every three years if the impairment is likely to improve with age.  42 U.S.C. § 1382c(a)(3)(H)(ii)(I) (2004).[2]

---

[1] School attendance is not considered substantial gainful activity.  20 C.F.R. § 416.972.  For most children, gainful employment is irrelevant, because children do not support themselves.  Arthur Balsam & Albert Zabin, *Disability Handbook: 2004 Cumulative Supplement* 223 (2004).

[2] Whereas the analysis for determining adult benefits focuses on gainful employment, the youth analysis focuses on age-appropriate functionality and an impairment's negative impact on growth.  Balsam, *supra* note 1, at 507.  Therefore, the Childhood Listings amount

REPORT AND RECOMMENDATION
PAGE  - 4 -

## V.  DECISION BELOW

On May 10, 2004, the ALJ issued a decision denying plaintiff's request for benefits, finding:

1. The claimant has never engaged in substantial gainful activity.

2. The medical evidence establishes that the claimant has hearing loss in the left ear; a reading disorder; a disorder of written expression; and a conduct disorder.  These are severe impairments.

3. The medical evidence further establishes that the claimant's impairments do not meet or medically equal the criteria for any listed impairments.

4. The evidence establishes the following functional limitations resulting from the combined effect of all of the claimant's impairments and reasonably related symptoms:  less than marked limitations in the domain of acquiring and using information; less than marked limitations in the domain of attending and completing tasks; less than marked limitations in the domain of interacting and relating with others; no limitations in the domain of moving about and manipulating objects; no limitations in the domain of self care; and marked  limitations in the domain of health and physical well-being.

5. The claimant's impairments do not functionally equal any listed impairment.

6. The claimant has not been under a disability at any time on or before the date of this decision (20 C.F.R. § 416.924(d)(2)).

AR 26.

## VI.  ISSUES ON APPEAL

This appeal is centered on whether Finding Number 4 is supported by the record. Specifically, the ALJ found that the plaintiff suffered from marked limitations in the domain of "Health and Physical Well-Being," but less than marked limitations in the domain of "Interacting and Relating With Others."  Terry Whitman, Ph.D., an examining psychologist, concluded that the plaintiff suffered from marked limitations in the domain of "Interacting and

---

to only one-third of Adult Listings.  *Id.*  Further, SSI support for disabled youth is generally awarded only if families have resources at or below the poverty line.  *Id.*  Benefits such as services under the Individuals with Disabilities in Education Act ("IDEA") and Medicaid are, however, available.  *Id.*

REPORT AND RECOMMENDATION
PAGE  - 5 -

01 Relating With Others" (AR 295), which, if adopted by the ALJ, would lead to the conclusion

02 that the plaintiff is disabled for purposes of SSI.  Although the ALJ generally credited Dr.

03 Whitman's opinions, he did not adopt this particular conclusion or even discuss it.  In addition,

04 the plaintiff asserts that the ALJ failed to evaluate teacher assessments properly with respect to

05 this domain and two others.

06       To determine if the ALJ erred requires an analysis of two issues:

07     1.    Did the ALJ properly consider the medical opinions of examining psychologists, Dr. Terry Whitman and Dr. Frank Hammer?

08

09     2.    Did the ALJ properly consider the opinions of plaintiff's two teachers, Ms. Isabel Farquhar and Mr. Robert Diaz?

10

11                                   VII.  DISCUSSION

12   A.    <u>The ALJ Did Not Properly Consider the Medical Opinion of Examining Psychologist, Terry Whitman, Ph.D.  He Did Properly Consider the Opinion of Frank J. Hammer, Ph.D.</u>

13

14       An ALJ must explain in the decision the varied weight accorded to different medical

15 opinions except where a treating physician's opinion is given controlling weight.  20 C.F.R.

16 § 416.927(f)(2)(ii); *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).  Even where greater

17 weight is accorded a physician's opinion, that opinion is not necessarily conclusive of disability.

18 *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).  An ALJ may reject

19 an examining physician's contradicted opinion only when he provides specific and legitimate

20 reasons that are based on substantial, independent evidence in the record.  *Moore v.*

21 *Commissioner of Social Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002) (citing *Lester v.*

22 *Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)); *Andrews*, 53 F.3d at 1043; *Magallanes*, 881

23 F.2d at 752.  The ALJ can meet this burden "by setting out a detailed and thorough summary

24 of the facts and conflicting clinical evidence, stating his interpretation thereof, and making

25 findings."  *Cotton v. Bowen*, 779 F.2d 1403, 1408 (9th Cir. 1986).  In doing so, the ALJ is not

26 permitted to deny benefits based on his own observations when objective evidence conflicts

with those observations. *Perminter v. Heckler*, 765 F.2d 870, 872 (9th Cir. 1985).

                1.       Terry Whitman, Ph.D.

In the case at bar, the ALJ generally preferred examining Dr. Whitman's testimony. AR 21. However, the ALJ implicitly rejected Dr. Whitman's finding of marked limitation in the domain of "Interacting and Relating With Others." He did not state explicitly his reasons for doing so.

The regulation provides the ALJ with the following specific guidelines for school-age (ages 6 to 12) children:

> When you enter school, you should be able to develop more lasting friendships with children who are your age. You should begin to understand how to work in groups to create projects and solve problems. You should have an increasing ability to understand another's point of view and to tolerate differences. You should be well able to talk to people of all ages, to share ideas, tell stories, and to speak in a manner that both familiar and unfamiliar listeners readily understand.

20 C.F.R. § 416.926a(i)(iv).

The ALJ did not find a marked limitation in this domain, concluding "[h]ere the claimant has a conduct disorder, but this is apparently a deliberate choice and not totally involuntary. His functioning in this area has less than marked limitations." AR 24. The ALJ determined that the plaintiff had the requisite skills set forth in the regulations, relying principally upon the testimony of Ms. Sullivan, teachers, psychologists, and other examining medical personnel. AR 18-22, 41, 146. One teacher reported that plaintiff "could read fluently and made interesting stories." AR 21. Another teacher reported that he was very mature, socially and in general, well-liked by his peers, independent, caring, sensitive, and respectful. AR 145-46. Examining psychologist Frank Hammer reported that he presented as likeable, outgoing, friendly, cooperative, neat, and clean. AR 215. Plaintiff's early school screening revealed that he communicated well, had good verbal skills, was good at hands-on tasks, and that he participated in class. AR 234. In addition, three consulting physicians disagreed with

REPORT AND RECOMMENDATION
PAGE  - 7 -

01  Dr. Whitman's assessment of marked limitation in this category, and the ALJ credited their
02  collective opinion with "substantial weight."  AR 21, 22.
03      In reaching this conclusion, however, the ALJ failed to discuss specifically Dr.
04  Whitman's opinion that the plaintiff experienced "marked limitations" in this domain.  AR 295-
05  96.  Although this opinion is not conclusive of the issue, the ALJ did state that Dr. Whitman's
06  opinions were based on thorough testing and his report was the best evidence available.  AR
07  21.  The ALJ's failure to discuss Dr. Whitman's opinion regarding this domain does not
08  comply with the standards required by *Lester* and *Magallanes*.  Accordingly, this matter must
09  be remanded for further consideration of Dr. Whitman's opinions.
10          2.      Frank J. Hammer, Ph.D.
11      Plaintiff also asserts that the ALJ failed to evaluate Dr. Hammer's opinions properly
12  and that the ALJ improperly relied on his personal observations at the hearing, substituting his
13  opinion for that of plaintiff's doctor.  Dr. Hammer examined plaintiff in 2001 and diagnosed
14  him with a learning disorder and a personality disorder (low self-esteem).  AR 214-17.  He
15  further noted that plaintiff presented as likeable, outgoing, friendly, cooperative, and neat.  *Id.*
16  Dr. Hammer found that plaintiff's IQ fell within the normal range, even though he had "low
17  scores in reading, writing and to a lesser extent in arithmetic."  AR 216.  His report further
18  indicates that plaintiff commented about one test, "it's a challenge but I can do it."  *Id.*
19      At step two in his evaluation, the ALJ found that plaintiff's learning disorders qualified
20  as severe impairments.  AR 18.  However, a finding of a severe learning disability is not
21  dispositive of the issue of disability for purposes of SSI.  *See* 20 C.F.R. § 416.927(e)(1);
22  *Schneider v. Comm'r of Soc. Sec. Admin.*, 223 F.3d 960 (9th Cir. 2000);  *see also*, *Scales v.*
23  *Barnhart*, 363 F.3d 699 (8th Cir. 2004).  The ALJ did not reject Dr. Hammer's opinions that
24  plaintiff suffered from "a severe learning disability."  AR 217.  Instead, the ALJ focused on the
25  definition of disability set forth under SSI regulations rather than the standard used by Dr.
26  Hammer to diagnose a learning disability as defined by the IDEA.  *See* 20 U.S.C. § 1401(3).

REPORT AND RECOMMENDATION
PAGE  - 8 -

01  The ALJ noted that, although Dr. Hammer's report suggested a learning disability, it did not
02  indicate a significant cognitive disorder as required for SSI eligibility.  AR 20.
03        As noted above, the ALJ gave Dr. Whitman's 2003 report substantial weight, because
04  it was based on thorough testing.  AR 20-21.  Dr. Whitman reported that plaintiff was
05  "deliberate and reflective" and that his "anxieties were more of a reasonable, protective
06  response to his misbehavior" and not evidence of disorder.  AR 20, 28-289.  Dr. Whitman "did
07  not find that the [plaintiff] had significant cognitive limitations," but instead found he was
08  "rather bright and needed better effort."  AR 20, 289.  Dr. Whitman further opined, "he attends
09  without distraction to activities that interest him."  AR 20, 284.   The ALJ also favored three
10  consulting psychologists' reports from 2001 and 2002, because he found them consistent with
11  other medical evidence.  AR 22.  The ALJ's determination that the plaintiff did not suffer from
12  cognitive disorders is supported by substantial evidence in the record.
13        Plaintiff offers the ALJ's comment, "claimant's presentation did not suggest a disabling
14  problem," to support his claim that the ALJ substituted his own observations for Dr.
15  Hammer's opinion.  Dkt. No. 15, p. 15.  This argument assumes that the sentence describes
16  plaintiff's appearance at the hearing.  *Id.*  However, the ALJ's statement does not refer to the
17  ALJ's observation of the plaintiff; instead, it refers to the antecedent paragraph in his decision,
18  which describes Dr. Hammer's observations of the plaintiff.  AR 20.  Thus, there is no
19  indication that the ALJ improperly substituted his opinion for that of Dr. Hammer.  The ALJ
20  did not fail to consider and evaluate Dr. Hammer's opinions properly.

REPORT AND RECOMMENDATION
PAGE  - 9 -

B. <u>The ALJ's Treatment of Teacher Assessments Relating to the Domain of "Interacting and Relating With Others" Must Be Remanded. The ALJ Did Not Fail to Properly Evaluate Teacher Assessments Relating to the Two Other Domains.</u>

In order to determine whether a claimant has an impairment, an ALJ may consider lay-witness sources, such as testimony from family members. 20 C.F.R. §§ 404.1513(d)(4), 416.913(d)(4). Lay-witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence that cannot be disregarded without comment. *Sprague v. Bowen,* 812 F.2d 1226, 1232 (9th Cir. 1987); *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). If an ALJ wishes to discount the testimony of a lay witness, he must provide reasons germane to each witness. *Id.* When analyzing and assessing lay-witness statements, an ALJ is to be guided by four considerations. First, an ALJ may give greater weight to a witness who sees claimant on a daily basis. *Id.* Second, the ALJ may reject statements if they are inconsistent with the record, viewed as a whole. *Lewis v. Apfel*, 236 F.3d 503, 511-12 (9th Cir. 2001). Third, the ALJ may discount lay testimony that is diagnostic in nature if it conflicts with medical evidence. *Id.*; *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). Finally, the ALJ need not provide reasons for rejecting lay testimony that is insignificant or non-probative. *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (per curiam).

Plaintiff appears to argue that the assessments of two teaches supported a finding of a marked limitation in the domains of "Interacting and Relating With Others," "Acquiring and Using Information," and "Attending and Completing Tasks." Dkt. No. 15, p. 17, 19. Plaintiff further argues that the ALJ inappropriately relied on a third, special education teacher's testimony that tended to show plaintiff suffered from less severe problems, because that teacher, Ms. Vose, added a disclaimer to her assessment of plaintiff's interaction with others in which she stated that she saw plaintiff too little to assess his interaction in all areas. *Id.* Finally, plaintiff argues that, although the ALJ thought Ms. Vose's testimony seemed consistent with Dr. Whitman's opinion, Dr. Whitman's report was actually unclear and

REPORT AND RECOMMENDATION
PAGE  - 10 -

incomplete regarding plaintiff's ability to relate to other people. *Id.*

      1.    <u>The ALJ's conclusions regarding the teachers' assessment of plaintiff's functioning in the domain "Interacting and Relating With Others" is vague and must be remanded.</u>

The ALJ discounted portions of the assessments of two teachers, Ms. Farquhar and Mr. Diaz, which indicated that plaintiff exhibited problems playing with others and expressing his anger appropriately, because the testimony only "seem[ed] [sic] to have concerned allegations in conjunction with the claimant's fight with [an]other boy." AR 21. Ms. Farquhar's report noted that plaintiff had an obvious problem playing cooperatively with other children, a serious problem expressing his anger appropriately, and explained that plaintiff "has been bullying a certain peer on a regular basis." AR 176. Mr. Diaz concurred with Ms. Farquhar's analysis. AR 184. However, his explanation noted more generally, "problems with peers" and "bullying behavior." *Id.* Ms. Vose indicated that there was no need for behavior modification strategies, declined to comment on his play, and focused instead on two incidences of classroom theft. AR 192.

Ms. Farquhar and Mr. Diaz rated plaintiff's ability to (a) play cooperatively with other children and (b) express anger appropriately on a scale of one to five. Both gave plaintiff a three in category (a), indicating "[a]n obvious problem," and a four in category (b), indicating "[a] serious problem." AR 176, 184. Neither gave him a five, which indicates "[a] very serious problem." AR 176, 184. Ms. Vose did not rate these categories, because she spent too little time with him to assess these categories. In eleven other categories in the domain "Interacting and Relating With Others," Ms. Farquhar assessed the plaintiff with a three in one category, a two, indicating a slight problem, in two categories, and a one, indicating no problem, in eight categories. AR 176. Of the remaining eleven categories, Mr. Diaz assessed the plaintiff with a two, indicating a slight problem, in two categories and a one, indicating a slight problem. in nine categories. AR 184. Ms. Vose assessed the plaintiff in only three categories, with two "no problem" ratings and one "slight problem" rating.

REPORT AND RECOMMENDATION
PAGE - 11 -

In this case, the ALJ concluded that the teacher assessments were generally consistent with the psychological evaluations. AR 21. However, as noted above, Dr. Whitman concluded that the plaintiff had marked limitations in the "Interacting and Relating With Others Domain." This renders the ALJ's conclusions regarding teacher assessments ambiguous. On remand, the ALJ will give specific consideration and evaluation to the assessments of Ms. Farquhar and Mr. Diaz as he considers further the opinions of Dr. Whitman.

        2.    <u>The ALJ did not fail to appropriately weigh teacher evidence relating to the domains of "Acquiring and Using Information" and "Attending and Completing Tasks."</u>

The ALJ found that the plaintiff had less than marked limitations in functioning in the domain of "Acquiring and Using Information." He concluded, "[h]e is in special education and the psychologist report of June 2003 found a reading disorder and a disorder of written expression. He could do better in school, but is not engaged." AR 23. The ALJ also found less than marked limitations in the domain of "Attending and Completing Tasks," concluding that, "[h]e has had problems finishing assigned tasks, but these difficulties were not because he couldn't, but rather because he did not want to." AR 24.

In his opening brief, the plaintiff asserts that Ms. Farquhar's and Mr. Diaz's assessments were not properly considered by the ALJ with respect to these two domains. Dkt. 15, p. 19. This argument is not discussed in plaintiff's reply brief. Assuming it remains an issue, the court will address it.

An ALJ does not need to discuss his rejection of non-probative, insignificant lay evidence when it conflicts with medical evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)*; Vincent ex rel.,* 739 F.2d at 1394-95. In order to determine functionality, an ALJ considers relevant information from teachers, information contained in an Individual Education Plan, and whether a claimant is receiving special education accommodations. 20 C.F.R. § 416.924a(b)(7). However, that a claimant receives such services is not dispositive of disability for purposes of social security. *Id*. Further, the Ninth Circuit has ruled that an ALJ

REPORT AND RECOMMENDATION
PAGE  - 12 -

need not give evidence from special education teachers the same weight he would give to a licensed physician's report. *Jamerson v. Chater,* 112 F.3d 1064, 1067 (9th Cir. 1997).

The ALJ weighed the teachers' testimony in all domains against the bulk of the record and rejected portions that were inconsistent with medical testimony. AR 21. The ALJ found that Ms. Farquhar's and Mr. Diaz's reports conflicted with Ms. Vose's report and two other school assessments. *Id.* He also found that Ms. Vose's report was consistent with Dr. Whitman's opinions, which he had given "substantial weight." *Id.* Specifically, Ms. Vose, noted that plaintiff only had slight problems in math and showed steady improvement. AR 190-91. This is consistent with Dr. Whitman's finding that plaintiff showed success on visual motor tasks of the intelligence test, could attend to activities that interest him, and that plaintiff "is a bright boy who could accomplish more." AR 284, 289.

Plaintiff's assertion that Ms. Vose's assessment should be discounted because she had limited interactions with him is without merit. She saw plaintiff four days a week for one year, compared to Ms. Farquhar, who saw him five days a week for one year, and Mr. Diaz, who saw him five days a week for one year. AR 173, 181, 189. Furthermore, contrary to plaintiff's assertions, Dr. Whitman provided a thorough assessment of plaintiff's abilities in the domains "Acquiring and Using Information" and "Attending and Completing Tasks." AR 295. Dr. Whitman's evaluation described a variety of tests and questions posed to plaintiff. *See generally* AR 282-84, 287-89. Additionally, he noted that plaintiff "does not digress from the topic being discussed," that his "speech is not pressured or loud" and that he "is fluent and articulate." AR 283. Dr. Whitman also opined that plaintiff "seems to know just how far to push things." AR 284. In addition, plaintiff showed "awareness that he is getting ahead of himself and perhaps too far out on a limb with some of his behaviors." AR 287.

The ALJ reviewed all of the teachers' assessments and properly evaluated them in conjunction with the medical evidence that was in the record. He discussed his reasons for accepting some of the evidence and rejecting other portions. The ALJ did not err with respect

REPORT AND RECOMMENDATION
PAGE - 13 -

to his functional limitation assessments in the domains of "Acquiring and Using Information" and "Attending and Completing Tasks."

## VIII.  CONCLUSION

For the reasons discussed above, the Court recommends that this matter be reversed and remanded for further consideration of the impact of Dr. Whitman's opinions and the teacher assessments relating to the domain of "Interacting and Relating With Others."  A proposed order accompanies this Report and Recommendation.

DATED this 6th day of December, 2005.

／s／ James P. Donohue
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE  - 14 -